UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON BOUCHARD,<br><br>           Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>           Defendant. | Case No. EDCV 08-1891 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.   SUMMARY

On December 26, 2008, plaintiff Sharon Bouchard ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 31, 2008 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum and Opinion and Order of Remand because the Administrative Law Judge ("ALJ") failed to provide sufficient reasons for concluding that plaintiff's impairments do not meet or equal a listed impairment.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On April 8, 2005, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 13, 153-55). Plaintiff asserted that she became disabled on November 4, 2004, due to a right knee injury. (AR 168). The ALJ examined the medical record and heard testimony from plaintiff on February 27, 2007. (AR 57-76). On March 8, 2007, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 82-89).

On July 21, 2007, the Appeals Council granted review, vacated the ALJ's March 8, 2007 decision, and remanded the matter for further administrative proceedings. (AR 13-14, 94-96). The ALJ again examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert and a vocational expert on September 18, 2007 and November 15, 2007. (AR 25-56).

On January 25, 2008, the ALJ again determined that plaintiff was not disabled through the date of the decision.[1] (AR 13-22). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: meniscus tear of the right knee, carpal tunnel syndrome, obesity, a depressive disorder not otherwise specified, and an anxiety disorder not otherwise specified (AR 16); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 16-17); (3) plaintiff could

---

[1] The ALJ stated that his March 8, 2007 decision was incorporated by reference into, and supplemented by, his January 25, 2008 decision. (AR 14).

perform a reduced range of sedentary work[2] (AR 17); (4) plaintiff could not perform her past relevant work (AR 21); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 21-22); and (6) plaintiff's allegations regarding her limitations were not entirely credible (AR 19).  The Appeals Council denied plaintiff's second application for review.  (AR 5-7).

### III.   APPLICABLE LEGAL STANDARDS

####   A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

///
///

---

[2] Specifically, the ALJ determined that plaintiff:  (i) could lift 20 pounds occasionally and 10 pounds frequently; (ii) could stand and/or walk for at least 2 hours out of an 8-hour work day; (iii) could sit for 6 hours out of an 8-hour work day; (iv) could not kneel or crawl; (v) could occasionally climb, balance, stoop, and crouch; (vi) could not perform forceful gripping or grasping; (vii) was limited to moderately complex tasks that were habitual and object oriented; (viii) was precluded from emotionally charged interactions with others; and (ix) was limited to occasional public contact.  (AR 17).

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. A Remand Is Appropriate Because the ALJ Failed Adequately to Discuss and Evaluate Whether Plaintiff's Physical Impairment or Combination of Impairments Met or Medically Equaled a Listed Impairment

Plaintiff contends that the ALJ's step three analysis was inadequate because the ALJ did not expressly discuss whether plaintiff's physical impairments met or equaled a listed impairment. (Plaintiff's Motion at 4-9). For the reasons discussed below, this Court concludes that a remand on this basis is appropriate.

#### 1. Pertinent Law

At step three of the evaluation process, the ALJ must determine whether a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the Listing. See 20 C.F.R. § 416.920(d). An impairment matches a listing if it meets all of the specified medical criteria. Sullivan v. Zebley, 493 U.S. 521, 530 (1990); Tackett, 180 F.3d at 1098. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. Sullivan, 493 U.S. at 530; Tackett, 180 F.3d at 1099. An unlisted impairment or combination of impairments is equivalent to a listed impairment if medical

findings equal in severity to all of the criteria for the one most similar listed impairment are present.³  Sullivan, 493 U.S. at 531; see 20 C.F.R. § 416.926(b).

      Although a claimant bears the burden of proving that she has an impairment or combination of impairments that meets or equals the criteria of a listed impairment, an ALJ must still adequately discuss and evaluate the evidence before concluding that a claimant's impairments fail to meet or equal a listing.  Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("[I]n determining whether a claimant equals a listing under step three . . . the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments.").  Remand is appropriate where an ALJ fails adequately to consider a listing that plausibly applies to a plaintiff's case.  see Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) (plaintiff must present plausible theory as to how an impairment or combination of impairments equals a listed impairment).

---

    ³Under Social Security regulations, medical equivalence can be found in three ways:

    (1) If you have an impairment that is described in the Listing of Impairments. . . but [¶] . . . [y]ou do not exhibit one or more of the findings specified in the particular listing, or [¶] . . . [y]ou exhibit all of the findings, but one or more of the findings is not as severe as specified in the particular listing, [¶] . . . [w]e will find that your impairment is medically equivalent to that listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria.

    (2) If you have an impairment(s) that is not described in the Listing of Impairments . . ., we will compare your findings with those for closely analogous listed impairments.  If the findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.

    (3) If you have a combination of impairments, no one of which meets a listing . . ., we will compare your findings with those for closely analogous listed impairments.  If the findings related to your impairments are at least of equal medical significance to those of a listed impairment, we will find that your combination of impairments is medically equivalent to that listing.

20 C.F.R. § 416.926(b).

In order to be considered disabled under Listing 1.03, a claimant must show the following: "Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.03. Listing 1.00B2b defines "inability to ambulate effectively" as follows:

> (1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)
>
> (2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's

1  home without the use of assistive devices does not, in and of itself,
2  constitute effective ambulation.
3  20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b).

**2.  Analysis**

Plaintiff argues that she has a severe musculoskeletal impairment related to her knee that meets or equals the criteria for Listing 1.03 based on the following medical evidence: (i) in December 2004, plaintiff had decreased range of motion in her right knee, an impaired gait and decreased strength; (ii) in May 2005 plaintiff complained of knee pain and required a cane to walk; (iii) in October 2005 plaintiff underwent arthroscopic surgery with chondroplasty on her right knee which resulted in reduced range of motion; and (iv) in December 2005 plaintiff's baseline gait was found to include fair mechanics and a limp. (Plaintiff's Motion at 5-7). The Court finds that the ALJ failed adequately to evaluate whether plaintiff's physical impairments met or equaled a listed impairment, and that a remand on this basis is appropriate.

First, at step three, the ALJ discussed whether plaintiff's mental impairments met or medically equaled listings 12.04 or 12.06, but failed to conduct a similar analysis with respect to plaintiff's physical impairments. Instead, the ALJ found only that plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. . . ." (AR 16-17). Such a conclusory statement, without more, is insufficient to support the ALJ's finding at step three. See Lewis, 236 F.3d at 512 ("An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so.") (citing Marcia, 900 F.2d at 176).

Second, the ALJ's discussion of plaintiff's physical impairments elsewhere in his administrative decision adds no support to the ALJ's conclusory step-three

finding. See Lewis, 236 F.3d at 513 ("Marcia simply requires an ALJ to discuss and evaluate the evidence that supports his or her [step three] conclusion; it does not specify that the ALJ must do so under the heading 'Findings.'"). As noted above, Listing 1.03 requires a showing, *inter alia*, of a claimant's inability to ambulate effectively as defined in Listing 1.00B2b. See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.03. In his January 25, 2008 decision, the ALJ made the following findings with respect to plaintiff's knee impairment:

> Records from Arrowhead Regional Medical Center reveal that on October 27, 2005, [plaintiff] said her right knee felt "better by 50%" since injuring her knee one year prior (Exhibit 8F, p. 22) [AR 322]. [Plaintiff] limped when she walked and had decreased range of motion of the knee and decreased strength; otherwise, the examination was within normal limits. [Plaintiff] reported aggravating factors of walking long distances which were relieved with rest (Exhibit 8F, pp. 22-24) [AR 322-24]. [Plaintiff] had right knee arthroscopic surgery the same day, and by January 19, 2006, [plaintiff] said she had no complaints and was "very satisfied" with her knee, which had only minimal tenderness (Exhibit 8F, p. 21) [AR 321]. January 2006 x-rays of the right knee showed mild degenerative arthritis (Exhibit 8F, p. 25) [AR 325]. There is no evidence [plaintiff] has had further treatment for this condition, and the lack of treatment creates an inference the surgery was successful and [plaintiff] no longer has knee pain.

(AR 19-20). The ALJ also stated that plaintiff was not taking intensive pain medication. (AR 18, 20).

The ALJ's factual findings suggest that plaintiff has no limitations on her ability to ambulate related to her right knee that could be expected to last for 12 months or more. (AR 19-20). However, by finding the meniscus tear in plaintiff's

right knee to be severe, the ALJ necessarily concluded that such impairment had "more than a minimal effect on [plaintiff's] ability to work." Webb v. Barnhart, 433 F. 3d 683, 687 (9th Cir. 2005). In addition, the ALJ's finding that plaintiff was "not taking intensive pain medication" is belied by the record. There is evidence that plaintiff was taking pain medication "for [her] legs," including Tramadol,[4] a narcotic-like medication used to treat moderate to severe pain. (AR 218).

Third, omissions in the ALJ's analysis at step three make remand appropriate. Primarily, the ALJ did not consider the effect, if any, of plaintiff's obesity – which the ALJ also found to be a severe impairment – on plaintiff's ability to ambulate effectively. See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(Q) ("[W]hen determining whether an individual with obesity has a listing-level impairment or combination of impairments . . . [ALJs] must consider any additional and cumulative effects of obesity." ) (emphasis added). The ALJ also failed to consider plaintiff's testimony that swelling in her legs made it "impossible" for her to climb stairs. If true, such an extreme limitation could establish plaintiff's inability to ambulate effectively. See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b) ("[E]xamples of ineffective ambulation include . . . inability to climb a few steps at a reasonable pace with the use of a single hand rail."). The ALJ also did not consider the potential impact plaintiff's use of a cane[5] had on her ability to ambulate effectively, particularly in light of possible limitations on the use of plaintiff's hand due to carpel tunnel syndrome (which the ALJ also found to be a severe impairment) (AR 16, 20).[6] Cf. 20 C.F.R.

---

[4] See Drug Information Online, available at http:// www. drugs. com/tramadol.html ("Tramadol is a narcotic-like pain reliever. Tramadol is used to treat moderate to severe pain.")

[5] The record contains evidence that plaintiff used a cane. (AR 165, 190).

[6] The fact that plaintiff's father drove her to the hearing may also indicate an inability to ambulate effectively. See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b)(2) ("To
(continued...)

Part 404, Subpart P, Appendix 1, § 1.00(B)(2)(b) ("Inability to ambulate effectively [includes] . . . insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.").

Finally, defendant argues that plaintiff does not meet or equal the basic criteria for Listing 1.03, specifically because plaintiff did not undergo the kind of major surgery or suffer from any extreme limitations on her ability to ambulate contemplated by Listing 1.03. (Defendant's Motion at 3). This argument is unavailing. Although the ALJ may have determined that plaintiff's impairments are not of equal medical significance to those in Listing 1.03, or that any equivalent impairment failed to satisfy the durational requirement under such listing, the Court cannot so conclude on this record. The ALJ failed adequately to discuss, or even cite Listing 1.03 in his step three analysis. This Court is constrained to review the reasons cited by the ALJ. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

For the foregoing reasons, the ALJ's adverse step three finding constitutes error. This case must be remanded for further consideration and clarification on the ALJ's step three finding.

///
///
///
///
///
///

---

⁶(...continued) ambulate effectively, individuals must . . . have the ability to travel without companion assistance to and from a place of employment or school.")

## V. CONCLUSION[7]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[8]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 25, 2010

                                                /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE

---

[7] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[8] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).